IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LANCASTER COUNTY INVESTORS COMPANY, et al, *Plaintiffs,* | : : : | CIVIL ACTION |
|---|---|---|
| v. | : : | NO. 18-1609 |
| COMMUNITY HEALTH SYSTEMS, INC., et al, *Defendants.* | : : : : | |

## MEMORANDUM

### I. INTRODUCTION

Before the Court is Plaintiffs' Motion for Remand and Attorney Fees (ECF Nos. 11 & 14), Defendants' Response in Opposition to Plaintiffs' Motion for Remand (ECF No. 20), Community Health Systems, Inc.'s Brief in Opposition to Plaintiffs' Motion for Remand (ECF No. 21), and Plaintiffs' Reply (ECF No. 22).

### II. BACKGROUND

The Complaint

On March 27, 2018, Plaintiffs[1] filed a Complaint in the Court of Common Pleas of Lancaster County, Pennsylvania (the "Complaint"). ECF No. 1, Ex. A. The Complaint alleges various purportedly derivative claims against Defendants pursuant to Section 8882(a)(1) of the Pennsylvania Uniform Limited Liability

---

[1] All Plaintiffs are citizens of the Commonwealth of Pennsylvania. ECF No. 1, Ex. A. at ¶3; ECF No. 14 at pg. 3.

1

Company Act of 2016 (the "LLC Act"), 15 Pa. C.S.§ 8882(a)(a), on behalf of Nominal Defendant Rose City[2]. *Id.* Nominal Defendant Rose City is a limited liability company registered in the Commonwealth of Pennsylvania doing business as Lancaster Medical Center. *Id.* at ¶2. Plaintiffs are a group of physicians who are members of Rose City and own approximately 9.25% of Rose City stock. *Id.* at ¶3. From March 2009 to June 2017, Rose City operated as a for-profit acute care hospital doing business as Lancaster Regional Medical Center. *Id.* Substantially all of Rose City's assets were sold to PinnacleHealth System, a Pennsylvania non-profit corporation, on or about June 30, 2017. *Id.* Since approximately June 30, 2017, Rose City has been in the process of winding up its affairs. *Id.*

Plaintiffs allege that Community Health Systems, Inc. ("CHS")[3] and two of its subsidiaries, CHSPSC, LLC ("CHSPSC")[4] and Central States HMA Holdings, LLC ("Central States Holdings")[5] (together, "Defendants"), breached various statutory duties owed to Rose City. Plaintiffs' claims relate to three factual

---

[2] Rose City is a Pennsylvania-based limited liability corporation.
[3] CHS is a publicly traded Delaware corporation with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.
[4] CHSPSC is a Delaware limited liability corporation with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.
[5] Central States Holdings is a Delaware limited liability corporation with its principal place of business at 4000 Meridian Boulevard, Franklin, Tennessee 37067.

2

situations: (1) the sale of Rose City to PinnacleHealth Systems; (2) Defendant CHSPSC's failure to account for $17 million of company profits; and (3) a federal *qui tam* lawsuit filed against Rose City and others. Specifically, the Complaint asserts five counts: (Count I) Breach of Duties of Loyalty and Care against CHS and Central States Holdings; (Count II) Breach of Duty of Good Faith and Fair Dealing against CHS, Central States Holdings, and CHSPSC; (Count III) Accounting against CHS and CHSPSC; (Count IV) Breach of Operating Agreement and Duty of Loyalty against CHS and CHSPSC; and (Count V) Breach of Duty for Qui Tam against CHS and CHSPSC. Plaintiffs seek the following relief on each count:

- Count I: "...Plaintiffs demands (sic) judgment in favor [of] Plaintiffs on behalf of Nominal Defendant, Rose City against Defendants CHS and CHSPSC and to make Nominal Defendant Rose City whole." ECF No. 1, Ex. A at ¶ 85.
- Count II: "...Plaintiffs demands (sic) judgment in favor of Nominal Defendant Rose City against Defendants CHS, CHSPSC, and Central States Holdings, and to make Nominal Defendant Rose city whole." *Id.* at 93.
- Count III: "...by reason of the Defendants' failure to account to Plaintiffs, and in the alternative to the relief requested in Counts I-II, Plaintiffs pray upon this Honorable Court to exercise its equitable powers and enter an

order upon the Defendants to account fully to Plaintiffs in order that Plaintiffs, on behalf of Nominal Defendant Rose City, may have judgment against the Defendant for the amount shown to be due to Nominal Defendant Rose City by such accounts." *Id.* at ¶97.

- Count IV: "...Plaintiffs demands (sic) judgment in favor of Nominal Defendant Rose City against Defendants CHS and CHSPSC and to make Nominal Defendant Rose City whole." *Id.* at ¶ 103.

- Count V: "...Plaintiffs request that this Honorable Court exercise its equitable powers and issue an order requiring Defendant CHSPSC to retain independent counsel to represent the interests of Nominal Defendant Rose City in the civil action filed in the United States District Court of the District of Columbia under the name In Re: Health Management Associates, Inc. Qui Tam Litigation, civil action number 1:14-mc-00339-RBW."[6] *Id.* at ¶ 109.

Subsequent Filings

On April 11, 2018, Plaintiffs filed a Petition for Preliminary Injunction in the Court of Common Pleas of Lancaster County against Defendants ancillary to the Complaint. ECF No. 1, Ex. B. Also on April 11, 2018, Plaintiffs filed an

---

[6] According to Plaintiffs, the United States Department of Justice announced on September 25, 2018, "that a settlement has been reached between itself and subsidiaries of Defendant CHS in In Re: Health Management Associates, Inc. Qui Tam Litigation" effectively "releas[ing] all Defendants from liability for conduct referenced in Plaintiffs' Complaint." ECF No. 24 at ¶¶ 13 & 14.

4

Application for Judicial Supervision of Winding-Up Process (the "Application") against Rose City and CHSPSC pursuant to Section 8872(e) of the LLC Act, Pa. C.S. § 8872(e). ECF No. 1, Ex. C. The Application is a separate civil action that is related to, but procedurally distinct from, the Complaint.

Notice of Removal

On April 17, 2018, Defendants Central States Holdings, CHSPSC, and Nominal Defendant Rose City (together, "Removing Defendants") filed a Notice of Removal alleging diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing all three pleadings to this Court. ECF No. 1. Defendant CHS subsequently filed its concurrence in Removing Defendants' Notice of Removal. ECF No. 7.

For the reasons discussed below, Plaintiffs' Motion to Remand will be granted in part, and this action will be remanded to state court.

### III. Legal Standard

Under 28 U.S.C. § 1441(a), a civil action filed in a state court may be properly removed if the federal court would have had original jurisdiction over the action. District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). Courts have interpreted Section 1132(a) as requiring "complete

5

diversity between parties, that is, every plaintiff must be of diverse state citizenship from every defendant." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). The removal statute is strictly construed, and all doubts are to be resolved in favor of remand. *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

## IV. Discussion

Plaintiffs argue that this matter should be remanded to the Court of Common Pleas of Lancaster County because subject matter jurisdiction is lacking in light of the fact that all of the Plaintiffs and Nominal Defendant Rose City are citizens of Pennsylvania. ECF No. 14 at pg. 8.

The Complaint

Plaintiffs contend that Rose City was correctly named as a nominal defendant in this matter because the Complaint was appropriately filed as a derivative action pursuant to Section 8882 of the LLC Act. *Id.* The LLC Act provides statutory duties of loyalty, care, and good faith and fair dealing upon members and managers of limited liability companies. 15 Pa. C.S. §§8849.1 & 8849.2. The LLC Act permits parties to enforce these duties and members' contractual rights through either a direct or derivative lawsuit. *Id.* at §§ 8881 & 8882. Pursuant to Section 8881(b) of the LLC Act, members may maintain a direct action only if they "plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited

6

liability company." *Id.* at § 8881(b). If a member asserts an injury that cannot be separated from the harm suffered by the limited liability company as a whole, the suit must then instead be filed derivatively pursuant to Section 8882 of the LLC Act. *Id.* at § 8882. A committee comment to Section 8881 is instructive:

> Although in ordinary contractual situations it is axiomatic that each party to a contract has standing to sue for breach of that contract, within a limited liability company different circumstances typically exist. A member does not have a direct claim against a manager or another member merely because the manager or other member has breached the operating agreement. Likewise a member's violation of this chapter does not automatically create a direct claim for every other member. To have standing in his, her, or its own right, a member plaintiff must be able to show a harm that occurs independently of the harm caused or threatened to be caused to the company.

15 Pa. C.S. § 8881 cmt. The parties agree that "[w]hether a cause of action is individual or derivative must be determined from the nature of the wrong alleged and the relief, if any, that could result if the plaintiff were to prevail." *Hill v. Ofalt*, 85 A.3d 540, 549 (Pa. Super. 2014).

Accordingly, under the facts alleged, Plaintiffs have not established standing for a direct suit under Section 8881(b) of the LLC Act. Counts I and II of the Complaint allege that Rose City was harmed by Defendants' decisions as they relate to the sale of Rose City's assets and seek an order making Rose City whole. ECF No. 1, Ex. A at ¶¶ 72-93. Count III seeks an equitable accounting so that Plaintiffs may determine on behalf of Rose City the precise amount of harm caused to Rose City by Defendants' decisions. Id. at ¶¶ 94-97. None of these counts

7

allege harm inflicted upon Plaintiffs separate and apart from the harms inflicted upon Rose City. *Id.* at ¶¶ 72-97.

Count IV alleges that from 2013 until 2017 CHSPSC failed to account for approximately $17 million in profits withheld from Rose City members. *Id.* at ¶ 99. The injury alleged is a failure to account for funds, not a failure to distribute profits to Plaintiffs. Accordingly, Plaintiffs seek remedy for Rose City, not for Plaintiffs individually. *Id.* at ¶ 103. And finally, Count V alleges that CHSPSC breached the duty of good faith and fair dealing by failing to represent the interest of Rose City in settlement negotiations with the United States related to the *qui tam* litigation. *Id.* at ¶¶ 104-109. Plaintiffs allege that instead of appointing a representative to represent Rose City's interests in that matter, Defendant CHSPSC delegated that duty to Defendant CHS, which Plaintiffs allege has adverse interests to Rose City. Again, the very nature of this claim does not even suggest Plaintiffs suffered an injury separate and apart from an alleged injury to Rose City.

None of the harms alleged occurred independently of the harm caused to Rose City. Plaintiffs concede that they were individually harmed by the Defendants giving rise to this matter, but their injuries are not independent of the injury allegedly suffered by Rose City. But, as is true in any derivative suit, the damages sought by Plaintiffs, should they be awarded, will not go directly to Plaintiffs. Instead, the damages are to be collected by Rose City and then any such

8

indirect benefits will be dispersed among all of the members of Rose City, not just among those who brought this suit.

Thus, it is of no moment that Rose City has sold a substantial portion, if not all, of its assets. Rose City is still an operating limited liability company and thus, Plaintiffs' claims can only be brought as a derivative action that names Rose City as a defendant. Plaintiffs' suit is both in name and nature a derivate suit, which necessarily requires the naming of Rose City as a defendant, and ultimately destroys complete diversity and in turn, this Court's subject matter jurisdiction over this matter.

Attorney Fees

"An order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (citations omitted). "In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in

9

seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*

Plaintiffs claim Defendants lacked an objectively reasonable basis for seeking removal. This Court disagrees. Upon consideration of the substantial briefing submitted to the Court by both parties and oral argument held on this matter, the Court finds that Defendants' basis for seeking removal of this matter was not objectively unreasonable. Thus, Plaintiffs' request for attorney fees will be denied.

## V. Conclusion

For the foregoing reasons, Plaintiffs' Motion to Remand and for Attorney Fees will be granted in part. An appropriate Order follows.

DATED: 1-28-2019

BY THE COURT:

_____
CHAD F. KENNEY, J.